## (February 16, 1978)

■ HELEN L. BARNES, Appellant, v ALFRED W. BARNES, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered January 3, 1977 in Schenectady County, which granted defendant's motion to vacate a divorce decree. Defendant failed to answer a matrimonial action instituted by his wife and a decree of divorce in plaintiff's favor was entered on August 31, 1972 which incorporated the terms of a prior agreement between the parties. However, subsequent 1975 proceedings to enforce the support provisions of that decree were vigorously contested by defendant and they ultimately produced a small downward modification in his support obligation. By order to show cause dated June 23, 1976 defendant brought on the instant motion to vacate the original decree and plaintiff now appeals from the order of Special Term which granted relief without condition. While it is true that courts are liberal in opening defaults in matrimonial actions, even if it is assumed that defendant has demonstrated an adequate excuse for the default, several other factors persuade us that Special Term improvidently exercised its discretion in this case. Defendant waited almost four years before challenging the decree and admitted during enforcement proceedings that he had originally consented to having his wife obtain it. The suggestion that plaintiff did not meet residency requirements is meritless (see *Lacks v Lacks,* 41 NY2d 71) and her asserted cohabitation with another following the divorce has no bearing on the existence of a meritorious defense at the time the divorce was procured. Although he advances other defensive matters, it is obvious that defendant has no desire to perpetuate this marriage and that his only abiding concern is to be free of the duty to support plaintiff. No appeal was taken from the intervening enforcement orders and, under the somewhat unusual circumstances pre-

sented, defendant should not now be given the opportunity to collaterally attack those determinations. Order reversed, on the law and the facts, and motion denied, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.